**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

DAVID AND SANDRA LAURIE   )
   *Plaintiffs*,      )
           )
 v.          )  No. 2:21-cv-901
           )
PLP-CTS HOLDINGS, INC.   )
CTS-CSI HOLDINGS, INC.   )
COMBINED SYSTEMS, INC.   )
COMBINED TACTICAL SYSTEMS, INC. )
   *Defendants*.     )  JURY TRIAL DEMANDED

## COMPLAINT

David and Sandra Laurie, by their attorneys at the Mizner Law Firm, file the following

Complaint and state:

### A. Parties

1.  Plaintiffs David and Sandra Laurie are married adult individuals who reside at

364 Kinsman Road, Jamestown, Pennsylvania 16134.

2.  Defendant PLP-CTS Holdings, Inc. is a corporation doing business in

Pennsylvania, with manufacturing facilities and offices located at 388 Kinsman Road,

Jamestown Pennsylvania, 16134. PLP-CTS Holdings, Inc. is the parent company of Defendants

CTS-CSI Holdings, Inc. and Combined Systems, Inc.

3.  Defendant CTS-CSI Holdings, Inc. is a corporation doing business in

Pennsylvania, with manufacturing facilities and offices located at 388 Kinsman Road,

Jamestown Pennsylvania, 16134, and is a subsidiary of Defendant PLP-CTS Holdings, Inc.

4.     Defendant Combined Systems, Inc. is a corporation doing business in Pennsylvania, with manufacturing facilities and offices located at 388 Kinsman Road, Jamestown Pennsylvania, 16134, and is a subsidiary of Defendant PLP-CTS Holdings, Inc.

5.     Defendant Combined Tactical Systems, Inc. is a corporation doing business in Pennsylvania, with manufacturing facilities and offices located at 388 Kinsman Road, Jamestown Pennsylvania, 16134. Defendant PLP - CTS Holdings, Inc. has not identified Combined Tactical Systems, Inc. as its subsidiary corporation, but upon information and belief it is a related entity to the other Defendants, with a shared board of directors and corporate officers.

## B. Jurisdiction and Venue

6.     This action is being brought under the "civil suit" remedy of the Clean Air Act, 42 U.S.C. § 7604, which provides that  "any person" may commence an action "against any person" who is alleged to have violated an emission standard or limitation.

7.     This Honorable Court has jurisdiction over these federal claims pursuant to 28 U.S.C. § 1331.

8.     This Complaint also includes pendent state law claims, over which this Honorable Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

9.     Venue is proper in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to this claim occurred within the territorial jurisdiction of this District and the Defendants are subject to personal jurisdiction within this District.

## C. <u>Facts</u>

10.     Plaintiffs David and Sanda Laurie are retired, and live on their forty-five acre farm located at 364 Kinsman Road, Jamestown, Pennsylvania.

11.     The Lauries have lived on their property in Jamestown since 1978.

12.     Jamestown is a very rural area, and until 1995 the Lauries were surrounded by nothing but farmland.

13.     In 1995, PLP-CTS Holdings, Inc. or one of its subsidiaries[1] (hereinafter, "Combined Systems") purchased approximately 150 acres bordering the Laurie's farm and began building a large manufacturing facility, located at 388 Kinsman Road, Jamestown, Pennsylvania.

14.     Since purchasing the property in 1995, the size of Combined Systems' operation has significantly increased.

15.     Combined Systems is in the business of manufacturing and selling less lethal munitions, including tear gas, flash-bangs, smoke grenades, sting-ball grenades, warning signals, munitions launchers and other products which are sold both domestically and internationally to law enforcement and militaries.

16.     In addition to manufacturing these products next door to the Lauries, Combined Systems regularly tests its products in both open air and indoor testing areas onsite, and offsite at a location in Crawford County.

17.     Combined Systems' onsite tests result in explosions which are heard on the Lauries' farm several days per week, on average.

---

[1] Throughout this Complaint, the corporate Defendants are referred to collectively as "Combined Systems."

18.     On days when testing occurs, the testing frequently lasts from around an hour to several hours.  During that time period when testing occurs, explosions can be intermittent or many in rapid succession.

19.     Combined Systems manufactures and tests munitions which contain three types chemical irritants which are commonly referred to as tear gas: chloroacetophenone ("CN"), chlorobenzylidene malononitrile ("CS"), and hexachloroethane ("HC").

20.     Combined Systems also manufactures and tests minutions which contain oleoresin capsicum ("OC"), commonly referred to as "pepper spray."

21.     These chemicals are subject to the regulations and requirements imposed by federal law under the Clean Air Act, and by Pennsylvania law under the Pennsylvania Air Pollution Control Act. *See* 42 U.S.C. §7412, Hazardous air pollutants; AB 2728, April 1993.

22.     The Clean Air Act defines the term "air pollutant" as "any air pollution agent or combination of such agents, including any physical, chemical, biological, radioactive (including source material, special nuclear material, and byproduct material) substance or matter which is emitted into or otherwise enters the ambient air." 42 U.S. Code § 7602(g).

23.     The Pennsylvania Air Pollution Control Act defines "air contaminants" as "smoke, dust, fume, gas, odor, mist, radioactive substance, vapor, pollen or any combination thereof." AIR POLLUTION CONTROL ACT, Act of Jan. 8,  (1960) 1959, P.L. 2119, No. 787, Section 3 (definitions).

24.     Combined Systems' tear gas, including OC, CN, CS, and HC, constitutes pollutants under both the Clean Air Act and the Air  Pollution Control Act.

25.     Therefore, to test these chemicals, Combined Systems, Inc. has sought and received permits from the Pennsylvania Department of Environmental Protection, which permit it to:

a.   Test OC gas in outdoor, open air testing ranges; and

b.   Test CN, CS and HC in an indoor test chamber controlled by a 1000 cfm Farr Gold Series model GS4 Dust Collector, which exhausts directly back into the indoor test chamber. This has been the only approved method of testing CN, CS and HC gas by Combined Systems since April 22, 2010.

26.     The permits which Combined Systems has received require the following for the testing of tear gas irritants, identified within the permits as "Source 110":

a.   Any testing of CN, CS or HC must be documented in a daily log;

b.   The log must specify the date and time of all tests;

c.   The log must specify the types and quantities of irritants tested;

d.   The log must indicate that **an inspection of the emissions collection system was conducted both before and after the testing, to "ensure no release of irritant gases"** took place.

27.     The permit specifically states that noncompliance with the terms of the permit issued by the DEP, constitutes a violation of the Clean Air Act and the Air Pollution Control Act.

28.     However, Combined Systems' own records, and statements from Combined Systems' officers, confirm that in fact Combined Systems is testing tear gas products containing CN, CS and HC outdoors, without any measures to ensure that the irritant gases are not released directly into the environment.

29.     This testing has gone on for years, and at least hundreds if not thousands of such tests have been conducted by Combined Systems, which is spraying these chemicals directly into the open air environment when it tests or demonstrates its tear gas products.

30.     When Combined Systems tests its products, the smoke and gas from the tests frequently drifts onto the Lauries' property, which is located directly beside the Combined Systems' facilities and testing range.

31.     For years, on numerous occasions, the Lauries and their invitees have seen, heard and smelled the tear gas being tested beside their property, and debris from the testing is scattered all over a seven acre portion of the Lauries' land.

32.     As recently as 2015, David Laurie experienced the effects of tear gas drifting onto his property from Combined Systems' testing.

33.     The tear gas burned his throat and eyes, and made it difficult to breathe.

34.     Mr. Laurie is not the only person who has been tear gassed on his farm; in 2012, Mr. Laurie invited a surveyor onto his property in anticipation of selling a few acres, and the surveyor was subjected to tear gas drifting onto the property from Combined Systems' testing.

35.     The testing range logs for for the Combined Systems facility on Kinsman Road, indicates that Combined Systems has repeatedly and consistently tested products containing CN, CS or HC outdoors on the following dates:

    a.  January 5, 2011;

    b.  January 13, 2011;

    c.  January 19, 2011;

    d.  January 25, 2011;

    e.  September 14, 2011;

    f.   September 19, 2011;

    g.   August 1, 2012;

    h.   August 5, 2016;

    i.   August 16, 2016;

    j.   August 22, 2016;

    k.   September 9, 2016;

    l.   February 16, 2017;

    m.   July 14, 2017;

    n.   July 24, 2017;

    o.   August 18, 2017;

    p.   April 19, 2018;

    q.   April 20, 2018;

    r.   April 23, 2018;

    s.   May 29, 2018;

    t.   June 4, 2018;

    u.   October 17, 2018;

    v.   January 25, 2019; and

    w.   January 28, 2019.

36.    On none of these days, do Combined Systems' range logs include any indication that an inspection of the emissions collection system was conducted both before and after the testing, to "ensure no release of irritant gases" took place.

37.    To the contrary, there was no "emissions collection system" to inspect before these tests, because they took place in the open air, on Combined Systems' outdoor test ranges.

38.     Upon information and belief, Combined Systems continues to test tear gas products outdoors to the present day.

39.     Each of these tests was conducted in the open air, and resulted in large amounts of tear gas constituents, including CN, CS or HC being introduced directly into the environment.

40.     Yet, Combined Systems is specifically prohibited from testing CN, CS or HC anywhere except within the indoor test chamber at its facility, and thus all this admitted and documented introduction of chemical irritants into the open air environment, violates both the Clean Air Act and the Air Pollution Control Act.

41.     Mr. Smith, the CEO of Combined Systems, has admitted that "at points in history," Combined Systems has "produced tear gas that has blown over the Lauries' property." (Depo. of Donald Smith, 2/11/2020, p. 135, l. 14-17).

42.     Despite that, Mr. Smith and Combined Systems have vigorously denied that any CN, CS or HC has been recently tested outdoors at the Kinsman Road site.

43.     Combined Systems has continued to deny that any outdoor tear gas testing has taken place at its Kinsman Road facility in Mercer County, despite its own test range logs which state that tear gas products were tested on the dates listed above.

44.     Instead, according to Mr. Smith, Combined Systems conducts all of outdoor tear gas testing at an off-site location in Crawford County, sometimes referred to as the "PPG" site.

45.     Jacob Kravel, one of Combined Systems' founders and owners, has confirmed in sworn testimony that Combined Systems tests tear gas at the Crawford County facility, which he has observed "many, many" times.

46.     However, Combined Systems does not have any indoor testing chamber at the Crawford County site.

47.     Thus, each and every test of products containing tear gas components CN, CS and HC at the Crawford County site, are conducted outdoors in the open air.

48.     Combined Systems "offsite" testing range logs reveal the following tests of CN, CS or HC irritants in the open air:

a.      November 29, 2016;

b.      February 2, 2017;

c.      February 3, 2017;

d.      February 17, 2017

e.      February 22, 2017;

f.      February 27, 2017;

g.      April 12, 2017;

h.      April 13, 2017;

i.      April 17, 2017;

j.      April 18, 2017;

k.      April 19, 2017;

l.      April 21, 2017;

m.      April 24, 2017;

n.      April 27, 2017;

o.      April 28, 2017;

p.      May 1, 2017;

q.      May 3, 2017;

r.      May 4, 2017;

s.      May 12, 2017;

t.       May 16, 2017;

u.       May 17, 2017,

v.       May 24, 2017;

w.       May 25, 2017;

x.       May 26, 2017;

y.       July 18, 2017;

z.       July 24, 2017;

aa.      August 1, 2017;

bb.      August 8, 2017;

cc.      August 18, 2017;

dd.      August 23, 2017;

ee.      August 24, 2017;

ff.      August 25, 2017;

gg.      September 11, 2017;

hh.      September 12, 2017;

ii.      September 13, 2017;

jj.      September 14, 2017;

kk.      September 15, 2017;

ll.      September 18, 2017;

mm.      September 19, 2017;

nn.      September 20, 2017;

oo.      September 21, 2017;

pp.      September 22, 2017;

qq.	September 25, 2017;

rr.	September 26, 2017;

ss.	September 27, 2017;

tt.	October 3, 2017;

uu.	October 4, 2017;

vv.	October 5, 2017;

ww.	October 6, 2017;

xx.	October 9, 2017;

yy.	October 10, 2017;

zz.	October 11, 2017;

aaa.	October 12, 2017;

bbb.	October 13, 2017;

ccc.	October 16, 2017;

ddd.	October 17, 2017;

eee.	October 19, 2017;

fff.	October 20, 2017;

ggg.	November 1, 2017;

hhh.	November 7, 2017;

iii.	November 13, 2017;

jjj.	November 14, 2017;

kkk.	November 15, 2017;

lll.	November 16, 2017;

mmm.	November 17, 2017;

nnn.        November 20, 2017;

ooo.        November 21, 2017;

ppp.        November 28, 2017;

qqq.        December 1, 2017;

rrr.        December 4, 2017;

sss.         December 5, 2017;

ttt.        December 11, 2017;

uuu.        December 12, 2017;

vvv.        December 19, 2017;

www.        December 20, 2017;

xxx.        December 21, 2017;

yyy.        December 22, 2017;

zzz.        December 27, 2017;

aaaa.       January 3, 2018;

bbbb.       January 4, 2018;

cccc.       January 8, 2018;

dddd.       January 9, 2018;

eeee.       January 10, 2018;

ffff.       January 11, 2018;

gggg.       January 12, 2018;

hhhh.       January 18, 2018;

iiii.       January 19, 2018;

jjjj.       January 22, 2018;

kkkk.        January 24, 2018;

llll.        January 26, 2018;

mmmm.        January 28, 2018;

nnnn.        January 30, 2018;

oooo.        January 31, 2018;

pppp.        February 1, 2018;

qqqq.        February 5, 2018;

rrrr.        February 7, 2018;

ssss.        February 8, 2018;

tttt.        February 9, 2018;

uuuu.        February 12, 2018;

vvvv.        February 13, 2018;

wwww.        February 14, 2018;

xxxx.        February 15, 2018;

yyyy.        February 19, 2018;

zzzz.        February 21, 2018;

aaaaa.        February 28, 2018;

bbbbb.        March 5, 2018;

ccccc.        March 7, 2018;

ddddd.        March 8, 2018;

eeeee.        March 13, 2018;

fffff.        March 14, 2018;

ggggg.        March 16, 2018;

| | |
|---|---|
| hhhhh. | March 19, 2018; |
| iiiii. | March 20, 2018; |
| jjjjj. | March 26, 2018; |
| kkkkk. | March 27, 2018; |
| lllll. | March 28, 2018; |
| mmmmm. | March 29, 2018; |
| nnnnn. | April 2, 2018; |
| ooooo. | April 5, 2018; |
| ppppp. | April 11, 2018; |
| qqqqq. | April 12, 2018; |
| rrrrr. | April 13, 2018; |
| sssss. | April 16, 2018; |
| ttttt. | April 17, 2018; |
| uuuuu. | April 18, 2018; |
| vvvvv. | April 19, 2018; |
| wwwww. | April 20, 2018; |
| xxxxx. | April 30, 2018; |
| yyyyy. | May 15, 2018; |
| zzzzz. | May 18, 2018; |
| aaaaaa. | May 21, 2018 |
| bbbbbb. | May 29, 2018; |
| cccccc. | May 30, 2018; |
| dddddd. | June 4, 2018; |

eeeeee.          June 18, 2018;

ffffff.          August 7, 2018;

gggggg.          August 9, 2018;

hhhhhh.          August 20, 2018;

iiiiii.          August 22, 2018;

jjjjjj.          September 5, 2018;

kkkkkk.          September 6, 2018;

llllll.          September 11, 2018;

mmmmmm.          September 12, 2018;

nnnnnn.          September 13, 2018;

oooooo.          September 14, 2018;

pppppp.          September 15, 2018;

qqqqqq.          September 18, 2018;

rrrrrr.          September 19, 2018;

ssssss.          September 20, 2018;

tttttt.          October 2, 2018;

uuuuuu.          October 4, 2018;

vvvvvv.          October 8, 2018;

wwwwww.          October 9, 2018;

xxxxxx.          October 10, 2018;

yyyyyy.          October 15, 2018;

zzzzzz.           October 16, 2018;

aaaaaaa.          October 17, 2018;

bbbbbbb.        October 31, 2018;

ccccccc.        November 6, 2018;

ddddddd.        November 7, 2018;

eeeeeee.        November 20, 2018;

fffffff.        November 21, 2018;

ggggggg.        November 27, 2018;

hhhhhhh.        November 29, 2018;

iiiiiii.        December 10, 2018;

jjjjjjj.        December 11, 2018;

kkkkkkk.        December 12, 2018;

lllllll.        December 13, 2018;

mmmmmmm. December 18, 2018;

nnnnnnn.        December 19, 2018;

ooooooo.        January 7, 2019;

ppppppp.        January 8, 2019;

qqqqqqq.        January 9, 2019;

rrrrrrr.        January 11, 2019;

sssssss.         January 14, 2019; and

ttttttt.        January 29, 2019.

49.     On none of these days, do Combined Systems' range logs include any indication

that an inspection of the emissions collection system was conducted both before and after the

testing, to "ensure no release of irritant gases" took place. In fact, there was no "emissions

collection system" to inspect before these tests, because they took place in the open air, on Combined Systems' outdoor test ranges.

50.     Upon information and belief, Combined Systems continues to test tear gas products outdoors to the present day.

51.     Each of these tests noted above was conducted in the open air, and resulted in large amounts of tear gas constituents, including CN, CS or HC being introduced directly into the environment.

52.     Yet, Combined Systems has no permit whatsoever to test any CN, CS or HC anywhere in Crawford County, and thus all this admitted and documented introduction of chemical irritants into the open air environment, violates both the Clean Air Act and the Air Pollution Control Act.

53.     Combined Systems unpermitted testing is deliberate and intentional violation of state and federal law, as it has sought and received permits to test these products at its facility in Mercer County.

54.     Further, the fact that Combined Systems has obtained permits to test CN, CS and HC in a closed indoor environment, demonstrates that it is well aware that it is not permitted to test these products in the open air.

55.     Yet, it has chosen to do so, repeatedly over the course of years, in Crawford County.

56.     On April 23, 2021, Plaintiffs sent the notices required by 40 C.F.R. § 54.3 and 35 Pa.C.S. § 4013.6, respectively, to both the Administrator of the EPA and the Pennsylvania Department of Environment Protection, providing them sixty (60) days advance notice of the violations described herein, prior to filing of this Complaint.

## COUNT I - VIOLATION OF THE CLEAN AIR ACT

57.     The averments in the foregoing paragraphs are hereby incorporated by reference, as if set forth in full herein.

58.     The Federal Clean Air Act prescribes the introduction of pollutants into the air without a permit.

59.     Under the Clean Air Act, private citizens are permitted to bring civil actions to against any person which violates the Act:

> any person may commence a civil action on his own behalf— (1) against any person (including (i) the United States, and (ii) any other governmental instrumentality or agency to the extent permitted by the Eleventh Amendment to the Constitution) who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of (A) an emission standard or limitation under this Act… or [against any person] who is alleged to have violated (if there is evidence that the alleged violation has been repeated) or to be in violation of any condition of such permit.

42 U.S. Code § 7604(a).

60.     When such a private suit is initiated, the district courts are empowered to enter orders enjoining the parties comply with the requirements of the Clean Air Act, and to imposed civil penalties against the offending party:

> The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty, as the case may be, and to apply any appropriate civil penalties (except for actions under paragraph (2)).

61.     Combined Systems has violated the Clean Air Act by testing tear gas products containing CN, CS and/or HC outdoors in the open air, in violation of the permits it has received, and without even bothering to obtain permits to test tear gas at its Crawford County site.

62.     Combined Systems is continuing to engage in this unlawful conduct even to the present day.

63. Combined Systems' decision to test tear gas products hundreds or even thousands of times in violation of its permit, and without any permit whatsoever in Crawford County, demonstrates such a blatant and obstinate disregard for the law that a preliminary and permanent injunction is necessary.

64. Combined Systems has proven that, even if it is granted a permit to test its products safely, it will violate those restrictions for its own benefit.

65. Combined Systems has further proven that it is willing to lie about the nature and extent of its testing, and has in fact done so repeatedly during the course of operations in Mercer County.

WHEREFORE, to protect the Lauries, the environment, and enforce the Clean Air Act, Plaintiffs respectfully request that this Honorable Court immediately enter a preliminary injunction against Combined Systems, enjoining it from any further testing in violation of its permits, and impose a permanent injunction against Combined Systems conducting any tear gas testing whatsoever in either Mercer or Crawford Counties after the Court is satisfied that Combined Systems has been violating the law.

## COUNT II - VIOLATION OF THE AIR POLLUTION CONTROL  ACT

66. The averments in the foregoing paragraphs are hereby incorporated by reference, as if set forth in full herein.

67. The Pennsylvania Air Pollution Control Act prescribes the introduction of pollutants into the air without a permit.

68. Under this Act, citizens are specifically authorized to bring private lawsuits to compel compliance with the Act:

any person may commence a civil action to compel compliance with this act or any rule, regulation, order or plan approval or permit issued pursuant to this act by any owner or operator alleged to be causing or contributing to a violation of any provision of this act or any rule or regulation promulgated under this act or any plan approval, permit or order issued by the department. In addition to seeking to compel compliance, any person may request the court to award civil penalties.

35 P.S. § 4013.6(c).

69.     Pennsylvania Courts are specifically required to enjoin any activity when it finds

that an entity is "engaging in unlawful conduct":

> In cases where the circumstances require it or the public health is endangered, a mandatory preliminary injunction, special injunction or temporary restraining order may be issued upon the terms prescribed by the court, notice of the application therefore having been given to the defendant in accordance with the rules of equity practice, and, in any such case, the Attorney General, the General Counsel, the district attorney or the solicitor of any municipality shall not be required to give bond. In any such proceeding the court shall, upon motion of the Commonwealth, issue a prohibitory or mandatory preliminary injunction if it finds that the defendant is engaging in unlawful conduct as defined by this act or is engaged in conduct which is causing immediate and irreparable harm to the public.

35 P.S. § 4013.6(b).

70.     It is a violation of the Air Pollution Control Act to fail to comply with the terms

of an air quality permit:

> It shall be unlawful to fail to comply with or to cause or assist in the violation of any of the provisions of this act or the rules and regulations adopted under this act or to fail to comply with any order, plan approval, permit or other requirement of the department; or to cause a public nuisance; or to cause air pollution, soil or water pollution resulting from an air pollution incident; or to hinder, obstruct, prevent or interfere with the department or its personnel in their performance of any duty hereunder, including denying the department access to the source or facility; or to violate the provisions of 18 Pa.C.S. § 4903 (relating to false swearing) or 4904 (relating to unsworn falsification to authorities) in regard to papers required to be submitted under this act. The owner or operator of an air contamination source shall not allow pollution of the air, water or other natural resources of the Commonwealth resulting from the source.

35 P.S. § 4008.

71.     Combined Systems has violated the Air Pollution Control Act by testing tear gas products containing CN, CS and/or HC outdoors in the open air, in violation of the permits it has received, and without even bothering to obtain permits to test tear gas at its Crawford County site.

72.     Combined Systems is continuing to engage in this unlawful conduct even to the present day.

73.     Combined Systems' decision to test tear gas products hundreds or even thousands of times in violation of its permit, and without any permit whatsoever, demonstrates such a blatant and obstinate disregard for the law that a preliminary and permanent injunction is necessary.

74.     Combined Systems has proven that, even if it is granted a permit to test its products safely, it will violate those restrictions for its own benefit.

75.     Combined Systems has further proven that it is willing to lie about the nature and extent of its testing, and has in fact done so repeatedly during the course of operations in Mercer County.

WHEREFORE, to protect the Lauries, the environment, and enforce the Air Pollution Control Act, Plaintiffs respectfully request that this Honorable Court immediately enter a preliminary injunction against Combined Systems, enjoining it from any further testing in violation of its permits, and impose a permanent injunction against Combined Systems conducting any tear gas testing whatsoever in either Mercer or Crawford Counties after the Court is satisfied that Combined Systems has been violating the law.

Respectfully submitted,

MIZNER LAW FIRM

By: /s/ John F. Mizner, Esq.

John F. Mizner
PA Bar No. 53323
jfm@miznerfirm.com

Joseph P. Caulfield
PA Bar No. 32823
jpc@miznerfirm.com

311 West Sixth Street
Erie, Pennsylvania 16507
(814) 454-3889

*Attorneys for the Plaintiff*